UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD SATISH EMRIT, | ) | CASE NO. 1:23-CV-1753 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| GRAMMY AWARDS ON CBS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## I. INTRODUCTION

*Pro se* plaintiff Ronald Satish Emrit filed this *in forma pauperis* action against the Grammy Awards ("Grammys") on CBS. (ECF No. 1). His complaint alleges, among other things, that he was racially discriminated against by the Grammys because his Grammys membership was not reinstated. *Id.* at PageID 2. Plaintiff lists several celebrities who are "very sick," and he claims that the Grammys have a public relations problem because they "give awards to Kanye West who is like Adolf Hitler and racist against Jews (anti-semitic)." *Id*.

Plaintiff seeks 45 million dollars in damages and an order mandating Defendant reinstate his Grammys membership.

## II. DISCUSSION

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989*); Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of*

1

*Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Here, Plaintiff's complaint must be summarily dismissed in accordance with *Apple v. Glenn*. Plaintiff alleges that the Grammys have a public relations problem because they support

2

"very sick" celebrities, and without any factual support, he claims in a conclusory fashion that he has been discriminated against because of his race. Additionally, Plaintiff states that he advised the Grammys that he desired to bring his Ukrainian fiancé to the Grammy Awards and he was a 2016 and 2020 presidential candidate. He further states that because he is "trying to get married to" a woman from Ukraine, "it is necessary to provide her number on Whatsapp." (ECF No. 1 at PageID 1, 5, 6). Plaintiff also refers to his litigation against the National Football League and the Washington Commanders. Even liberally construed, the complaint fails to allege a plausible federal claim upon which Plaintiff may be granted relief against Defendant, and it falls within the realm of frivolousness. *See, e.g., Rogers v. Ralles*, No. 2:14-CV-259, 2015 WL 566687 (W.D. Mich. Feb. 11, 2015) (dismissing complaint alleging that prison doctors and employees awakened him from his sleep by administering injections of unknown substances which altered his heart rate and mind set); *Henry v. Caruso*, No. 13-12881, 2014 WL 525032 (E.D. Mich. Feb. 7, 2014) (dismissing complaint premised on allegations that prison officials surgically implanted transmission devices into plaintiff's neck).

### III. CONCLUSION

Accordingly, Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and this action is **DISMISSED**. Further, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: January 9, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**